IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT PARKERSBURG

HARRY F. DEEM, CARL MCKINNISS, and
LARRY PATTERSON, individually and on
Behalf of all others similarly situated,

**Plaintiffs,**

v.

AMES TRUE TEMPER, INC., and PENSION
AGREEMENT,

**Defendants.**

Civil Action No. 6:10-cv-01339
_____
On Removal from Circuit Court
of Wood County, West Virginia;
Civil Action No. 10-C-309

## NOTICE OF REMOVAL

TO:   Carole Jones, Clerk
       Wood County Circuit Court
       317 Market Street
       Parkersburg, WV  26101

       Jonathan R. Marshall, Esquire
       Bailey & Glasser, LLP
       209 Capitol Street
       Charleston, WV  25301-2205

Defendants Ames True Temper, Inc. and its Pension Agreement Administrator

("Defendants") file this Notice of Removal pursuant to 28 U.S.C. §1441 based on the District

Court's jurisdiction under 28 U.S.C. §1331, and state:

1.      Defendants exercise their rights under 28 U.S.C. §1441 to remove this civil action

from the Circuit Court of Wood County, West Virginia, in which this action is now pending,

under the name of *Harry F. Deem et al. v. Ames True Temper, Inc., et al.*, Civil Action No. 10-C-

309, to the United States District Court for the Southern District of West Virginia.  Removal is

proper because, as outlined below, the First Amended Complaint contains a claim under the Employee Retirement Insurance Security Act of 1994, 29 U.S.C. §§1001 - 1461 ("ERISA").

2. Pursuant to 28 U.S.C. §1446, Defendants have attached as Exhibit A to this Notice of Removal a copy of the legal notice, Summons, and First Amended Complaint served on them. A certified copy of the Wood County Circuit Court docket sheet is attached to this Notice as Exhibit B, and a complete copy of the Wood County Circuit Court file is attached to this Notice as Exhibit C.

3. Plaintiffs' First Amended Complaint alleges that they were eligible for a supplemental pension payment pursuant to the Ames' Pension Agreement.

4. The Pension Agreement was established by Plaintiffs' employer, Ames True Temper, Inc., an employer engaged in commerce and activities affecting commerce, as an employee benefit for its eligible employees, pursuant to collective bargaining negotiations between Ames True Temper, Inc. and United Steelworkers of America, AFL-CIO, Local #1651, a labor organization representing employees in an industry affecting commerce. The benefits Plaintiffs seek to recover are therefore provided pursuant to an employee welfare benefit plan as defined by ERISA §3(1), 29 U.S.C. §1002(1), and Plaintiffs' only remedy for the recovery of such benefits is provided pursuant to ERISA §502, 29 U.S.C. §1132.

5. In fact, Plaintiffs' First Amended Complaint expressly asserts a claim under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), seeking benefits Plaintiffs claim are due under the Pension Agreement. [First Amended Complaint, Count Two]. The Court therefore has jurisdiction over the claim asserted in Claim Two under both 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.

2

6.   In addition, Count One of Plaintiffs' First Amended Complaint, which states a state law claim for breach of contract is a civil action which necessarily arises under § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a). As such, it is a case over which this Court has original jurisdiction under 28 U.S.C. §1331, and removal is therefore appropriate under 28 U.S.C. §1441.

7.   The Court therefore has original jurisdiction over this action because the claim in Count Two arises under ERISA and any state law claims relating to alleged plan benefits Plaintiffs might assert would be preempted completely by ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, the claims asserted in this action arise under federal law and are removable as a matter of law. Further, the claim in Count One is pre-empted by § 301: the pre-emptive force of § 301 of the LMRA is such that it "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and the entire Complaint is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Accordingly, the claims asserted in this action arise under federal law and are removable as a matter of law.

8.   Because this Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. §1132(e)(1), this action may be removed without regard to the citizenship or residency of the parties or the amount in controversy.

9.   A Notice of Removal has been filed within thirty days of receipt of the First Amended Complaint by the Defendants, which was the initial pleading setting forth the basis for the Court's jurisdiction.

10.     Written notice of the filing of this Notice of Removal has been served on

Plaintiffs' counsel, and a true and correct copy of this Notice of Removal will be filed with the

Clerk of the Circuit Court of Wood County, West Virginia.

WHEREFORE, the Defendants respectfully request that this action be removed to this

Court.

Dated:  November 29, 2010


Joseph P. Hofmann (Pa. Id. No. 58384)
E. Thomas Henefer (Pa. Id. No. 55773)
**STEVENS & LEE, P.C.**
111 North Sixth Street
P.O. Box 679
Reading, PA  19603
Telephone:  (610) 478-2000
Facsimile:  (610) 988-0803
E-mail:  jph@stevenslee.com
E-mail:  eth@stevenslee.com
*Attorneys for Defendants*

/s/ Brian J. Moore
Brian J. Moore (WVSB 8898)
Matthew H. Nelson (WVSB 10140)
**DINSMORE & SHOHL LLP**
900 Lee Street
Huntington Square, Suite 600
Charleston, WV  25301
Telephone:  (304) 357-9905
Facsimile:  (304) 357-0919
E-mail:  brian.moore@dinslaw.com
E-mail:  matthew.nelson@dinslaw.com
*Attorneys for Defendants*

4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### AT PARKERSBURG

**HARRY F. DEEM, CARL MCKINNISS, and
LARRY PATTERSON, individually and on
Behalf of all others similarly situated,**

### Plaintiffs,

v.

**AMES TRUE TEMPER, INC., and PENSION
AGREEMENT,**

Civil Action No. _____
On Removal from Circuit Court
of Wood County, West Virginia;
Civil Action No. 10-C-309

### Defendants.

### CERTIFICATE OF SERVICE

I, Brian J. Moore, hereby certify that on November 29, 2010, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jonathan R. Marshall
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301-2205

and I hereby certify that on November 29, 2010, I mailed by United States Postal Service the foregoing **Notice of Removal** to the following non CM/ECF participants:

Clerk for the Circuit Court of
  Wood County, West Virginia
Wood County Judicial Building
317 Market Street
Parkersburg, WV  26101

Jonathan R. Marshall
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301-2205

/s/ Brian J. Moore
Brian J. Moore

232475_1