# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
11/09/2010
CT Log Number 517579403

TO: David Nutt, CFO
Ames True Temper, Inc.
465 Railroad Avenue
Camp Hill, PA 17011

RE: **Process Served in West Virginia**

FOR: Ames True Temper, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Harry F.Deem, et al., Pltfs. vs. Ames True Temper, Inc., etc and Pension Agreement, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, First Amended Complaint |
| **COURT/AGENCY:** | Wood County Circuit Court, WV<br>Case # 10-C-309 |
| **NATURE OF ACTION:** | Class action - breach of contract - Ames has breached its Contractual obligation by refusing to pay insurance allowence |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Charleston, WV |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 11/09/2010 postmarked on 11/08/2010 |
| **APPEARANCE OR ANSWER DUE:** | 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Natalie E. Tennant<br>Secretary of State<br>Building 1 Suite 157 - K<br>1900 Kanawha Blvd E<br>Charleston, WV 25305<br>304-558-6000 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 796437866135 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 5400 D Big Tyler Road<br>Charleston, WV 25313 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / MK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305




9171 9237 9000 1000 3442 22



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

| | |
|---|---|
| ControlNumber: | 303621 |
| Defendant: | Ames True Temper, Inc. |

Ames True Temper, Inc.
C. T. Corporation System
5400 D Big Tyler Road
Charleston WV 25313

| | |
|---|---|
| | 11/5/2010 |
| Civil Action: | 10-C-309 |

I am enclosing:

| | | |
|---|---|---|
| <u>1</u> summons | ____ affidavit | ____ summons and complaint |
| ____ notice | ____ answer | ____ summons returned from post office |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ no return from post office |
| ____ suggestions | ____ certified return receipt | ____ notice of mechanic's lien |
| ____ interrogatories | ____ request for production | ____ suggestee execution |
| ____ original | ____ request for admissions | <u>1</u> 1st amended complaint |
| ____ subpeona duces tecum | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have
accepted service of process        in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of
process in your name and on behalf as your attorney-in-fact. Please address any questions about this document directly
to the court or the plantiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

*Sincerely,*

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

HARRY F. DEEM, CARL MCKINNISS,
and LARRY PATTERSON,
individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                  CIVIL ACTION NO. 10-C-309

AMES TRUE TEMPER, INC.,
a corporation, and PENSION AGREEMENT,

        Defendants.

*ACCEPTED FOR SERVICE OF PROCESS*
*2010 NOV -5 PM 3:12*
*SECRETARY OF STATE*
*STATE OF WEST VIRGINIA*

*SUMMONS*

To the above-named Defendant:      Ames True Temper, Inc.
                                Ct Corporation System
                                5400 d Big Tyler Road
                                Charleston, WV, 25313

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Jonathan Marshall and the law firm of Bailey & Glasser, LLP, plaintiff's attorney, whose address is 209 Capitol Street, Charleston, West Virginia, 25301, an answer including any related counterclaim you may have, to the amended complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above styled civil action.

Dated: 11/4/10 _____             *Carol* *Jones* By: _____, Deputy
                                          Clerk of the Court

IN THE CIRCUIT COURT OF WOOD COUNTY, WEST VIRGINIA

HARRY F. DEEM, CARL MCKINNISS,
and LARRY PATTERSON,
individually and on behalf of
all others similarly situated,

        Plaintiffs,

v.                                              CIVIL ACTION NO. 10-C-309

AMES TRUE TEMPER, INC.,
a corporation, and PENSION AGREEMENT,

        Defendants.

### FIRST AMENDED COMPLAINT

1.      This case arises out of the Defendant Ames True Temper's (Ames) failure to live up to its retirement plan obligations. In return for providing Ames with many years of continuous service, the Plaintiffs and other members of the putative class were to receive, among other benefits, a supplemental pension payment to help defray the cost of insurance following their retirement. Plaintiffs and putative class members lived up to their side of the bargain – each put in their years of service. Ames has not. Notwithstanding the clear language of the parties' contract, Ames arbitrarily administers the benefit plan, paying some benefits to some retirees while paying none to others. Plaintiffs bring this case individually and on behalf of all Ames retirees to collect these promised benefits.

### PARTIES

2.      Harry F. Deem is a married man who dedicated forty years of service to Ames.

3.      Carl McKinniss resides in Parkersburg, West Virginia and dedicated thirty-four years of service to Ames.

FILED IN OFFICE

NOV - 4 2010

CAROLE JONES
CLERK CIRCUIT COURT

424703

4.      Larry Patterson resides in Ripley, West Virginia and dedicated thirty-three years of service to Ames.

5.      Ames True Temper, Inc. is a corporation doing business in West Virginia with a principal place of business located at 465 Railroad Ave., Camp Hill, PA 17011.  Ames True Temper, Inc. is a successor in interest to O. Ames Co. Ames is responsible for administering the Plaintiffs' and putative class members' pension plan, including the monthly insurance allowance. Upon information and belief, the plan is funded by Ames.

6.      The Pension Agreement is the benefits plan that includes the monthly insurance allowance, and is named as a nominal defendant for purposes of obtaining the relief requested by Plaintiffs.

### STATEMENT OF FACTS

7.      In or around September 19, 1998 and September 15, 2001, Ames entered into agreements with its employees and obligated itself to pay a monthly insurance allowance to the Plaintiffs and all class members who retired after the requisite years of service.

8.      The operative language in the September 19, 1998, agreement ("Pension Agreement") states that "Employees retiring after September 18, 1998 ... shall be provided insurance coverage as follows:"  The contract then provides for pre-age 65 and post-age 65 quarterly premiums.

9.      The pre-age 65 premium is as follows:

Any monthly insurance allowance for employees prior to attainment of age sixty-five (65) is capped at the stated premiums outlined below. These premiums outlined below may be applied to CIGNA's equivalent of Provident's Hospital/Surgical Insurance Conversion for F-65078-WV and F-65098.01WV at the time the retiree elects this conversion plan.

Quarterly Premium

Males                                        Females

2

| 0-49 | 50-64 | 0-49 | 50-64 |
|------|-------|------|-------|
| $93.24 | $110.09 | $145.91 | $142.04 |

| | Maternity | | Children |
|---|---|---|---|
| 0-34 | 35-49 | | $56.07 |
| $82.80 | $27.60 | | |

10.    The post-age 65 premium is as follows:

Any monthly insurance allowance for employees after attainment of age sixty-five (65) is capped at the state premium outlined below and may be applied to any Medicare Supplement plan.

| Quarterly Premium | |
|---|---|
| Employee only | $40.68 |
| Employee with spouse | $81.36 |

11.    The eligibility requirements for the monthly insurance allowance are set forth in Section 1, subsections (1), (2), (3), (5) of the Pension Agreement, one of the condition precedents being thirty years of continuous service.

12.    The September 15, 2001, agreement contains nearly identical language.

13.    Ames in violation of the express terms of the contract and its fiduciary duty to the Plaintiffs inconsistently and incorrectly administers the pension agreement in the following ways:

- Ames has required retirees to subscribe to COBRA as a condition precedent to being eligible for the supplemental insurance allowance. Even though a retiree elects COBRA, Ames has refused to pay the insurance allowance. In fact, Ames provides some of the supplemental insurance allowance to some retirees who did not elect COBRA. Ames's requirement to elect COBRA has no support in the express language of the contracts.

3

- Upon information and belief, Ames has never paid the pre-age 65 insurance allowance to any retiree.

- Upon information and belief, Ames has never paid the post-age 65 insurance allowance for an employee with a spouse.

14.    Plaintiff Harry Deem worked continuously at Ames from 1964 to 2004 when he retired.  Mr. Deem has not received either the pre or post age 65 insurance supplement. Mr. Deem exhausted his administrative remedies and received a final denial letter from Ames on April 6, 2010.

15.    Plaintiff Carl McKinniss worked continuously at Ames from 1965 to January of 1999. He did not receive the pre-age 65 insurance supplement, but does receive the post-age 65 insurance supplement. Mr. McKinniss did not elect COBRA upon retiring.

16.    Plaintiff Larry Patterson worked continuously at Ames from 1970 to 2003. Mr. Patterson has not received either the pre or post age 65 insurance supplement. Mr. Patterson has exhausted his administrative remedies.

17.    Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated individuals, pursuant to Rule 23(b)(1), (2), and (3) of the Federal Rules of Civil Procedure.  The class is presently defined as:

> All individuals who retired from Ames at any time during the ten years preceding the filing of this complaint and who were eligible to receive the insurance supplement in accordance with Section 1, subsections (1), (2), (3), (5) of the Pension Agreement.

18.    Numerosity.. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs understand that hundreds of individuals were subject to the Pension Agreement.

4

19.     <u>Commonality</u>. The claims of Plaintiff and all Class members originate from the same misconduct, breaches, and omissions by Defendants. Proceeding as a class action is particularly appropriate here because the members of the proposed Class were all subject to the same Pension Agreement. Furthermore, common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The many questions of law and fact common to the Class include:

  a.   Whether Ames administered the Pension Agreement in accordance with its terms;

  b.   Whether Ames administered the Pension Agreement consistently;

  c.   Whether the Pension Agreement is an employee benefit plan under ERISA;

  d.   Whether the benefits payable under the Pension Agreement are funded by a trust, insurance contract, or Ames; and

  e.   Whether Ames suffered from a conflict of interest when deciding claims for benefits because it is payor and claims administrator.

20.     <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs' eligibility for the benefit claimed here depends on the same Pension Agreement and employment conditions as other members of the Class. If cases were brought and prosecuted individually, each of the members of the Class would be required to prove the same claims based upon the same facts, pursuant to the same remedial theories, and would be seeking the same relief.

21.     <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and ERISA litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the

5

Class. Plaintiffs have undertaken to protect vigorously the interests of the absent members of the Class.

22.     The requirements of Rule 23(b)(1) are satisfied because the contracts require Defendant to treat all similarly situated retirees in a consistent manner.

23.     Additionally the requirements of Rule 23(b)(2) are met because Defendants have acted or refused to act on grounds applicable class as a whole thereby making final injunctive, declaratory and other relief appropriate for the class as a whole and risking that Defendants would be subject to incompatible orders should the Class not be certified.

24.     Finally, the requirements of Rule 23(b)(3) are satisfied as follows:

(a)     The class is so numerous joinder of all members is impracticable;

(b)     There are questions of law and fact common to all members of the class; and

(c)     The named Plaintiffs' claims are typical of those of the class as a whole.

25.     Plaintiffs have displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interests of the class, and is represented by skillful and knowledgeable counsel. The relief sought by the named Plaintiffs will inure to the benefit of the class generally.

26.     The common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT I – BREACH OF CONTRACT
### (CLASS CLAIM)

27.     Plaintiffs incorporate the preceding paragraphs by reference.

28.     Ames has breached its contractual obligations by refusing to pay the insurance allowance to eligible retirees.

29.    Plaintiffs and the putative class have suffered damages as a result.

WHEREFORE, Plaintiffs on their own behalf and on behalf of all other similarly situated individuals, request the following relief:

(a)    The Court enjoin the Defendants from refusing to pay the insurance allowance to eligible retirees;

(b)    A declaration that the Defendants are in breach of their contractual obligations;

(c)    Actual damages;

(d)    Damages for annoyance and inconvenience;

(e)    Prejudgement and postjudgment interest;

(f)    Reasonable attorney's fees and the costs of this litigation; and

(g)    Such other relief as this Court deems equitable and just.

### COUNT II – ERISA
### (CLASS CLAIM)

30.    Plaintiffs incorporate the preceding paragraphs by reference.

31.    In the alternative should the Court conclude that the insurance supplement was part of a pension plan, Plaintiffs and the proposed class seek relief in accordance with the Employee Retirement Income and Security Act of 1974 (ERISA).

32.    Ames is an ERISA fiduciary to all its retirees because it has discretionary authority to decide claims for benefits, and in fact, does so. Upon information and belief, Ames pays benefits from its own funds.

33.    Ames has breached its obligations and taken an adverse benefit determination under ERISA by refusing to pay the Plaintiffs and other members of the class the insurance supplement.

7

WHEREFORE, Plaintiffs on their own behalf and on behalf of all those similarly situated respectfully request the following relief:

(a)     The Court enjoin the Defendants from refusing to pay the insurance allowance to eligible retirees;

(b)     A declaration that the Defendants are in breach of their obligations under ERISA;

(c)     Value of the benefits owed;

(d)     Prejudgement and postjudgment interest;

(e)     Reasonable attorney's fees and the costs of this litigation; and

(f)     Such other relief as this Court deems equitable and just.

**THE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301-2205
Phone: (304) 345-6555
Facsimile: (304) 342-1110

8

CIVIL CASE INFORMATION STATEMENT
CIVIL CASES

### In the Circuit Court of Wood County, West Virginia

I.  CASE STYLE:

HARRY F. DEEM, CARL MCKINNISS,
and LARRY PATTERSON,
individually and on behalf of
all others similarly situated,
            Plaintiffs,                                    Civil No. 10-C-309

v.

AMES TRUE TEMPER, INC.,
a corporation, and PENSION AGREEMENT,
            Defendants.                          Days to Answer
                                                  Answer        Type of Service

II.  TYPE OF CASE:

| TORTS | | OTHER CIVIL | | |
|---|---|---|---|---|
| ☐ | Asbestos | ☐ | Adoption | ☐ Appeal from Magistrate Court |
| ☐ | Professional Malpractice | ■ | Contract | ☐ Petition for Modification of Magistrate Sentence |
| ☐ | Personal Injury | ☐ | Real Property | ☐ Miscellaneous Civil |
| ☐ | Product Liability | ☐ | Mental Health | |
| ☐ | Other Tort | ☐ | Appeal of Administrative Agency | |

III.  JURY DEMAND:  ■ Yes  ☐ No

CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR): November* 2011

IV.  DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
ACCOMMODATIONS DUE TO A DISABILITY OR AGE? YES ☐  NO ■
IF YES, PLEASE SPECIFY:

☐  Wheelchair accessible hearing room and other facilities
☐  Interpreter or other auxiliary aid for the hearing impaired
☐  Reader or other auxiliary aid for the visually impaired
☐  Spokesperson or other auxiliary aid for the speech impaired
☐  Other: _____

*Attorney Name:*    Jonathan R. Marshall (WVSB #10580)        Representing

*Firm:*             Bailey & Glasser, LLP
*Address:*          209 Capitol Street                    ■ Plaintiffs
                    Charleston, WV 25314                  ☐ Defendant
*Telephone:*        (304) 345-6555
*Facsimile:*        (304) 342-1110         *Dated:* November 4, 2010

*Signature*