**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION**

**HARRY F. DEEM, CARL MCKINNISS,
LARRY PATTERSON, and WILLIAM
HOWARD SAMS, individually and
on behalf of all others similarly situated,**

        **Plaintiffs,**

**v.**                                                **CIVIL ACTION NO. 6:10-cv-01339**

**AMES TRUE TEMPER, INC.,
a corporation, and PENSION AGREEMENT,**

        **Defendants.**

## SECOND AMENDED COMPLAINT

1.    This case arises out of the Defendant Ames True Temper's (Ames) failure to live up to its retirement plan obligations. In return for providing Ames with many years of continuous service, the Plaintiffs and other members of the putative class were to receive, among other benefits, a supplemental pension payment to help defray the cost of insurance following their retirement. Plaintiffs and putative class members lived up to their side of the bargain – each put in their years of service. Ames has not. Notwithstanding the clear language of the parties' contract, Ames arbitrarily administers the benefit plan, paying some benefits to some retirees while paying none to others.  Plaintiffs bring this case individually and on behalf of all Ames retirees to collect these promised benefits.

### PARTIES

2.    Harry F. Deem is a married man who dedicated forty years of service to Ames.

3.    Carl McKinniss resides in Parkersburg, West Virginia and dedicated thirty-four years of service to Ames.

438327

4.     Larry Patterson resides in Ripley, West Virginia and dedicated thirty-three years of service to Ames.

5.     William Howard Sams resides in Washington, West Virginia and dedicated forty years of service to Ames.

6.     Ames True Temper, Inc. is a corporation doing business in West Virginia with a principal place of business located at 465 Railroad Ave., Camp Hill, PA 17011.  Ames True Temper, Inc. is a successor in interest to O. Ames Co. Ames is responsible for administering the Plaintiffs' and putative class members' pension plan, including the monthly insurance allowance. Upon information and belief, the plan is funded by Ames.

7.     The Pension Agreement is the benefits plan that includes the monthly insurance allowance, and is named as a nominal defendant for purposes of obtaining the relief requested by Plaintiffs.

**STATEMENT OF FACTS**

8.     In or around September 19, 1998 and September 15, 2001, Ames entered into agreements with its employees and obligated itself to pay a monthly insurance allowance to the Plaintiffs and all class members who retired after the requisite years of service.

9.     The operative language in the September 19, 1998, agreement ("Pension Agreement") states that "Employees retiring after September 18, 1998 … shall be provided insurance coverage as follows:" The contract then provides for pre-age 65 and post-age 65 quarterly premiums.

10.     The pre-age 65 premium is as follows:

Any monthly insurance allowance for employees prior to attainment of age sixty-five (65) is capped at the stated premiums outlined below. These premiums outlined below may be applied to CIGNA's equivalent of Provident's Hospital/Surgical Insurance

Conversion for F-65078-WV and F-65098.01WV at the time the retiree elects this conversion plan.

Quarterly Premium

| Males | | Females | |
|---|---|---|---|
| 0-49 | 50-64 | 0-49 | 50-64 |
| $93.24 | $110.09 | $145.91 | $142.04 |

| Maternity | | Children |
|---|---|---|
| 0-34 | 35-49 | $56.07 |
| $82.80 | $27.60 | |

11.     The post-age 65 premium is as follows:

Any monthly insurance allowance for employees after attainment of age sixty-five (65) is capped at the state premium outlined below and may be applied to any Medicare Supplement plan.

Quarterly Premium

| Employee only | $40.68 |
|---|---|
| Employee with spouse | $81.36 |

12.      The eligibility requirements for the monthly insurance allowance are set forth in Section 1, subsections (1), (2), (3), (5) of the Pension Agreement, one of the condition precedents being thirty years of continuous service.

13.     The September 15, 2001, agreement contains nearly identical language.

14.     Ames in violation of the express terms of the contract and its fiduciary duty to the Plaintiffs inconsistently and incorrectly administers the pension agreement in the following ways:

- Ames has required retirees to subscribe to COBRA as a condition precedent to being eligible for the supplemental insurance allowance. Even though a retiree elects COBRA, Ames has refused to pay the insurance allowance. In fact, Ames provides

some of the supplemental insurance allowance to some retirees who did not elect COBRA. Ames's requirement to elect COBRA has no support in the express language of the contracts.

- Upon information and belief, Ames has never paid the pre-age 65 insurance allowance to any retiree.

- Upon information and belief, Ames has never paid the post-age 65 insurance allowance for an employee with a spouse.

15.     Plaintiff Harry Deem worked continuously at Ames from 1964 to 2004 when he retired.  Mr. Deem has not received either the pre or post age 65 insurance supplement. Mr. Deem exhausted his administrative remedies and received a final denial letter from Ames on April 6, 2010.

16.     Plaintiff Carl McKinniss worked continuously at Ames from 1965 to January of 1999. He did not receive the pre-age 65 insurance supplement, but does receive the post-age 65 insurance supplement. Mr. McKinniss did not elect COBRA upon retiring.

17.     Plaintiff Larry Patterson worked continuously at Ames from 1970 to 2003. Mr. Patterson has not received either the pre or post age 65 insurance supplement. Mr. Patterson has exhausted his administrative remedies.

18.     Plaintiff William Howard Sams worked continuously at Ames from 1965 until the plant shutdown.  Mr. Sams has not received either the pre or post age 65 insurance supplement.

19.     Plaintiffs bring this action on their own behalf and on behalf of all other similarly situated individuals, pursuant to Rule 23(b)(1), (2), and (3) of the Federal Rules of Civil Procedure.  The class is presently defined as:

> All individuals who retired from Ames at any time during the ten years preceding the filing of this complaint and who were eligible to receive the insurance supplement in accordance with Section 1, subsections (1), (2), (3), (5) of the Pension Agreement.

20.     <u>Numerosity</u>. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs understand that hundreds of individuals were subject to the Pension Agreement.

21.     <u>Commonalilty</u>. The claims of Plaintiff and all Class members originate from the same misconduct, breaches, and omissions by Defendants. Proceeding as a class action is particularly appropriate here because the members of the proposed Class were all subject to the same Pension Agreement. Furthermore, common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. The many questions of law and fact common to the Class include:

      a.     Whether Ames administered the Pension Agreement in accordance with its terms;

      b.     Whether Ames administered the Pension Agreement consistently;

      c.     Whether the Pension Agreement is an employee benefit plan under ERISA;

      d.     Whether the benefits payable under the Pension Agreement are funded by a trust, insurance contract, or Ames; and

      e.     Whether Ames suffered from a conflict of interest when deciding claims for benefits because it is payor and claims administrator.

22.     <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the members of the Class because Plaintiffs' eligibility for the benefit claimed here depends on the same Pension Agreement and employment conditions as other members of the Class. If cases were brought and

prosecuted individually, each of the members of the Class would be required to prove the same claims based upon the same facts, pursuant to the same remedial theories, and would be seeking the same relief.

23.     Adequacy. Plaintiffs will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action and ERISA litigation. Plaintiffs have no interests antagonistic to or in conflict with those of the Class. Plaintiffs have undertaken to protect vigorously the interests of the absent members of the Class.

24.     The requirements of Rule 23(b)(1) are satisfied because the contracts require Defendant to treat all similarly situated retirees in a consistent manner.

25.     Additionally the requirements of Rule 23(b)(2) are met because Defendants have acted or refused to act on grounds applicable class as a whole thereby making final injunctive, declaratory and other relief appropriate for the class as a whole and risking that Defendants would be subject to incompatible orders should the Class not be certified.

26.     Finally, the requirements of Rule 23(b)(3) are satisfied as follows:

(a)     The class is so numerous joinder of all members is impracticable;

(b)     There are questions of law and fact common to all members of the class; and

(c)     The named Plaintiffs' claims are typical of those of the class as a whole.

27.     Plaintiffs have displayed an interest in vindicating the rights of the class members, will fairly and adequately protect and represent the interests of the class, and is represented by skillful and knowledgeable counsel.  The relief sought by the named Plaintiffs will inure to the benefit of the class generally.

28.     The common questions of law and fact predominate over individual questions, and the class action device is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I – BREACH OF CONTRACT
### (CLASS CLAIM)

29.     Plaintiffs incorporate the preceding paragraphs by reference.

30.     Ames has breached its contractual obligations by refusing to pay the insurance allowance to eligible retirees.

31.     Plaintiffs and the putative class have suffered damages as a result.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of all other similarly situated individuals, request the following relief:

(a)     The Court enjoin the Defendants from refusing to pay the insurance allowance to eligible retirees;

(b)     A declaration that the Defendants are in breach of their contractual obligations;

(c)     Actual damages;

(d)     Damages for annoyance and inconvenience;

(e)     Prejudgement and postjudgment interest;

(f)     Reasonable attorney's fees and the costs of this litigation; and

(g)     Such other relief as this Court deems equitable and just.

## COUNT II – ERISA
### (CLASS CLAIM)

32.     Plaintiffs incorporate the preceding paragraphs by reference.

33.     In the alternative should the Court conclude that the insurance supplement was part of a pension plan, Plaintiffs and the proposed class seek relief in accordance with the Employee Retirement Income and Security Act of 1974 (ERISA).

34.     Ames is an ERISA fiduciary to all its retirees because it has discretionary authority to decide claims for benefits, and in fact, does so. Upon information and belief, Ames pays benefits from its own funds.

35.     Ames has breached its obligations and taken an adverse benefit determination under ERISA by refusing to pay the Plaintiffs and other members of the class the insurance supplement.

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of all those similarly situated respectfully request the following relief:

(a)     The Court enjoin the Defendants from refusing to pay the insurance allowance to eligible retirees;

(b)     A declaration that the Defendants are in breach of their obligations under ERISA;

(c)     Value of the benefits owed;

(d)     Prejudgement and postjudgment interest;

(e)     Reasonable attorney's fees and the costs of this litigation; and

(f)     Such other relief as this Court deems equitable and just.

**THE PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

/s/ Jonathan R. Marshall
Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV  25301-2205
Phone:  (304) 345-6555
Facsimile: (304) 342-1110

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION**

**HARRY F. DEEM, CARL MCKINNISS,
LARRY PATTERSON, and WILLIAM
HOWARD SAMS, individually and**
on behalf of all others similarly situated,

        **Plaintiffs,**

**v.**                              **CIVIL ACTION NO. 6:10-cv-01339**

**AMES TRUE TEMPER, INC.,**
a corporation, and **PENSION AGREEMENT,**

        **Defendants.**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of **Second Amended Complaint** was served upon counsel, via electronic notification through the Court's ECF and/or first class United States Mail, postage prepaid, this 2nd day of February, 2011 to:

Brian J. Moore (WVSB #8898)
Matthew H. Nelson (WVSB # 10140)
900 Lee Street
Huntington Square, Suite 600
Charleston, WV 2530

Joseph P. Hoffman Pa. Id No. 58384
E. Thomas Henefer Pa. Id. No. 55773
Stevens  & Lee, P.C.
111 North Sixth Street
PO Box 679
Reading, PA 19603
*Counsel for Defendants*

              /s/ Jonathan R. Marshall
              Jonathan R. Marshall (WVSB #10580)

438327