IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
PARKERSBURG DIVISION

**HARRY F. DEEM, CARL MCKINNIS,
and LARRY PATTERSON, individually
and on behalf of all others similarly situated,**

    **Plaintiffs,**

v.                                              **CIVIL ACTION NO. 6:10-cv-01339**

**AMES TRUE TEMPER, INC.,
a corporation, and PENSION AGREEMENT,**

    **Defendants.**

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

Pending is Plaintiffs' Unopposed Motion for Final Approval of Settlement, Attorneys' Fees and Costs, and Service Award. For the reasons that follow, the Court GRANTS Plaintiffs' motion.

### I.  Background

The case involves a dispute over the interpretation of contractual language contained in pension agreements entered into by the exclusive collective bargaining representative of Plaintiffs and Defendant Ames True Temper, Inc. ("Ames"). The contracts at issue, Pension Agreements dated 1995, 1998, and 2001, provided retired Ames employees with a supplemental insurance allowance to help defray the cost of medical insurance following their retirement ("insurance allowance"). The insurance allowances at issue provided quarterly payments of $110.00 for retirees who were 64 years old or younger or $40.68 for retirees who were 65 years or older. The parties disagree on what steps (if any) a retiree needed to take to qualify for the insurance allowance. Plaintiffs contend that the contractual language provides that a retiree needed only to have the requisite years of service before retiring. Ames disagrees, and claims

that retirees were required have the requisite years of service and must have elected Ames' medical insurance coverage upon retirement.

## II. The Settlement Merits Final Approval

### A. Notice is complete.

The Court finds that the parties have completed all settlement notice obligations imposed in the Order Preliminarily Approving Settlement, as evidenced by the report of Settlement Administrator Phoenix Consulting, LLC. The class notice, which included first-class mailed notice to each class member, constitutes the "the best notice practicable under the circumstances," as required by Rule 23(c)(2).

### B. The settlement is fair, adequate, and reasonable.

"The court must approve any settlement . . . of the claims . . . of a certified class." Fed. R. Civ. P. 23(3)(1)(A). The court may do so only after finding that the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ.P. 23(e)(1)(C). Such approval is required to make sure that any settlement reached is consistent with the plaintiffs' fiduciary obligations to the class. *In re Jiffy Lube Secs. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991).

Courts considering whether to approve a proposed class action settlement may consider the following factors: (1) The extent of discovery that has taken place and the stage of the proceedings; (2) bad faith or collusion and circumstances surrounding the negotiation; (3) the experience of counsel; (4) objections from class members; (5) the relative strength of the plaintiffs' case on the merits; (6) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial; (7) the anticipated duration and expense of additional litigation; (8) the solvency of the defendants and the likelihood of recovery on a litigated judgment. *Henley v. FMC Corp.*, 207 F. Supp. 2d 489, 492-93 (S.D. W. Va. 2002) (citing *In re Jiffy Lube*, 927 F.2d at 158; *Flinn v. FMC Corp.,* 528 F.2d 1169 (4th Cir. 1975)); *In*

2

*re Montgomery County Real Estate Antitrust Litig.*, 83 F.R.D. 305 (D. Md. 1979)). In this case, all of these factors weigh in favor of final approval.

### 1.  The extent of discovery and stage of proceedings.

The parties must have engaged "in sufficient investigation of the facts to enable the court to intelligibly make an appraisal" of the fairness of a proposed class settlement. *Polar Int'l Brokerage Corp. v. Reeve*, 187 F.R.D. 108, 114 (S.D.N.Y. 1999) (internal quotations omitted). Further, pretrial negotiations and discovery must be sufficiently adversarial to show that they are not designed to justify a settlement, but an aggressive effort to move towards trial. *Id. (citing Martens v. Smith, Barney, Inc.,* 181 F.R.D. 243, 263 (S.D.N.Y. 1998)).

At the time the parties reached this settlement, they were on the eve of trial and had completed discovery. The Defendant had provided counsel for Plaintiffs information concerning class damages. As a result, adequate discovery and investigation had occurred to enable the parties to reach a fair settlement.

### 2.  Bad faith or collusion and circumstances surrounding the settlement.

Absent evidence to the contrary, the Court should presume that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion. Newberg on Class Actions § 11.28 at 1159 (3d ed. 1992); *Polar Int'l*, 187 F.R.D. at 112 (the court must look at the negotiating process leading to settlement in order to ensure that "the compromise be the result of arms'-length negotiations and that plaintiff's counsel have possessed the . . . ability . . . necessary to effectively represent the class's interests.") (*citing Weinberger v. Kendrick*, 698 F.2d 61, 74 (2d Cir. 1983)).

Here, there is no suggestion of collusion or bad faith. Instead, it appears to the Court that settlement was reached only after intense, adversarial mediation and negotiations.

### 3. The experience of counsel.

The opinion of experienced class action counsel, with substantial experience in litigation of similar size and scope, is an important consideration. "When the parties' attorneys are experienced and knowledgeable about the facts and claims, their representations to the court that the settlement provides class relief which is fair, reasonable and adequate should be given significant weight." *Rolland v. Cellucci*, 191 F.R.D. 3, 10 (D. Mass. 2000); *see also In re Compact Disc Litig.*, 216 F.R.D. at 212 (noting that in determining fairness of settlement proposed by counsel, the court considers the experience and level of competence of class counsel).

Here, class counsel Jonathan R. Marshall, Gregory Porter, and Bailey & Glasser LLP are skilled and experienced in class action litigation. In the Court's view, the settlement is fair and reasonable, and takes into account the expected class recovery, discounted for the possibility of losing either on the merits or on other grounds, and further discounted for the possibility of the delay associated with continued litigation, trial and appeal.

### 4. Objections from Class Members.

No class member has objected to the proposed settlement or opted out. The lack of objections and opt-out requests are important factors contributing to a conclusion that the settlement is fair and reasonable. *Bussie v. Allmerica Fin. Corp.*, 50 F.Supp.2d 59, 77 (D. Mass. 1999); *see also Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462 (2d Cir. 1974).

### 5. The relative strength of Plaintiff's case on the merits and the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial.

The essence of any settlement is compromise. A settlement compromising conflicting positions in class action litigation serves the public interest. *See Rolland*, 191 F.R.D. at 11

(although plaintiffs' counsel originally pressed for faster changes in defendant's practices than the schedule memorialized in settlement, the court noted that the settlement reflected a fair compromise between the parties). In evaluating a settlement, the trial court should not decide the merits, or proceed from the assumption that victory is one hundred percent assured and that all claimed damages are properly recoverable. *See In re Compact Disc Litig.*, 216 F.R.D. at 211 (the role of the court is not to "second-guess" the settlement but to decide whether its overall terms are reasonable).

Nonetheless, it is notable that in this case class members will receive lump sum payments that will pay them the equivalent of several years' worth of the insurance allowances. Given the possibility of a number of outcomes that could result in a lesser award or nothing for Class Members if this case proceeded to trial, the Court finds that the proposed settlement reflects a reasonable compromise. Additionally, the reasonableness of this compromise is further evidenced by the lack of Class Member objections or opt outs.

### 6. The anticipated duration and expense of additional litigation.

The complexity, expense, and duration of litigation are factors that support approval of a settlement. *See In re Corp. Litig.*, 264 F.3d 201, 231, 233 (3d Cir. 2001); *Girsh v. Jepson*, 521 F.3d 153, 157 (3d Cir. 1975) (identifying complexity, expense, and duration as one of nine factors in determining the fairness of settlement). The parties could have litigated the case to judgment and taxed the resources of the litigants and the Court. Instead, the parties elected to forgo the expense and uncertainty of continued litigation and focus their efforts on achieving a fair and adequate settlement that took the risks of further litigation into account.

> 7. **The solvency of the defendants and likelihood of recovery on a litigated judgment.**

Although the court is unaware of any threat to Defendant's solvency, recovery of a litigated judgment cannot be taken for granted in these uncertain economic times. The proposed settlement avoids all risk of eventual insolvency and provides immediate cash to Class Members.

### III.  The Requested Attorneys' Fees and Costs are Reasonable

Awarding attorney fees as a percentage of the benefit to the class is the preferable and prevailing method of determining fee awards in class actions that establish common funds for the benefit of the class. The requested award of one-third of the common fund, plus costs, is reasonable under the circumstances of this case. It is noteworthy that no class member has objected to the fees and costs sought by counsel, or to any other aspect of the settlement.

> A.  **The percentage of fund method is the appropriate method for determining attorneys' fees**

The common fund doctrine is one of the earliest recognized exceptions to the "American Rule" which generally requires that litigants bear their own costs and attorneys' fees. Premised on the equitable powers of the court, the common fund doctrine allows a person who maintains a suit that results in the creation, preservation or increase of a fund in which others have a common interest, to be reimbursed from that fund for the litigation expenses incurred. *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885). "[A] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

Although the Fourth Circuit has not determined the preferred method for calculating attorneys' fees where the common fund has been generated on behalf of a class, nearly all circuits that have considered the issue have found that the trial court may use the percentage method. *See Jones v. Dominion Resources Services, Inc.*, 601 F.Supp.2d 756, 758 (S.D. W. Va.

2009) (Goodwin, C.J.) (percentage method is "overwhelmingly" preferred); *Muhammad v. Nat'l City Mortgage, Inc.*, No. 2:07-cv-423, 2008 U.S. Dist. LEXIS 103534, at *18 (S.D.W. Va. Dec. 19, 2008); *see Goldenberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *Cook v. Niedert*, 142 F.3d 1004, 1013 (7th Cir. 1998); *In re Thirteen Appeals Arising out of San Juan DuPont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir. 1995); *In re Wash. Public Power Supply Sys. Litig.*, 19 F.3d at 1291, 1295 (9th Cir. 1994); *Gottlieb v. Barry*, 43 F.3d. 474 (10th Cir. 1994); *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993); *Longden v. Sunderman*, 979 F.2d 1095, 1099 (5th Cir. 1992); *see also In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992); *Paul, Johnson, Alston & Hunt v. Graulty,* 886 F.2d 268, 272 (9th Cir. 1989); *Brown v. Phillips Petroleum Co.,* 838 F.2d 451, 454, 456 (10th Cir.), *cert. denied*, 488 U.S. 822 (1988); *Camden I Condo. Ass'n*, 946 F.2d 768, 773-774 (11th Cir. 1991); *Bebchick v. Wash. Met. Area Transit Comm'n*, 805 F.2d 396, 406-7 (D.C. Cir. 1986). In fact, some circuits mandate use of the percentage of fund method. *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993); *Camden I Condo. Ass'n,* 946 F.2d at 774; *see generally* 1 Alba Conte, *Attorney Fee Awards* § 2.02 at 31 (2d ed. 1993); *Court Awarded Attorney Fees, Report of the Third Circuit Task Force* (*"Task Force Report"*), 108 F.R.D. 237 (1985) (Prof. Arthur R. Miller, Reporter).

District courts within the Fourth Circuit have consistently endorsed the percentage method. *See Jones*, 601 F.Supp.2d at 758; *Helmick v. Columbia Gas Transmission*, 2010 WL 2671506 at *7 (S.D. W. Va. July 1, 2010) (Goodwin, C.J.). "Where there is a common fund in a class settlement, application of a percentage method to calculate an attorney's fee award is now favored." *Kidrick v. ABC Television & Appliance Rental*, 1999 WL 1027050 *1 (N.D. W. Va. 1999) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)); *see also Teague*, 213 F. Supp.2d at 582 ("The percentage recovery method is generally favored in cases involving a

common fund."); *Goldenberger v. Marriott PLP Corp.*, 33 F. Supp.2d 434, 437-38 (D. Md. 1998) (applying the percentage method, and noting the general trend in favor thereof); *Strang v. JHM Mortgage Securities Ltd. Partnership*, 890 F. Supp. 499, 504-03 (E.D. Va. 1995) (holding that calculating fees based upon a percentage of the settlement fund "is a more efficient and less burdensome than the traditional lodestar method, and offers a more reasonable measure of compensation for common fund cases"); *Edmonds v. United States*, 658 F. Supp. 1126 (D.S.C. 1987) (finding percentage method preferable in common fund case).

The percentage method "is designed to allow courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." *In re Prudential Ins. Co. Am. Sales Litig.,* 148 F.3d 283, 333 (3d Cir. 1998) (citing *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liability Litig.,* 55 F.3d 768, 821 (3d Cir. 1995)). In its 1985 report, the Third Circuit Task Force recommended that in the traditional common fund situation, a district court "should attempt to establish a percentage fee arrangement." *Task Force Report,* 108 F.R.D. 237, 255 (1985). Since that time, the Third Circuit has, on several occasions, "reaffirmed that application of a percentage-of-recovery method is appropriate in common-fund cases." *In re Cendant Corporate PRIDES Litig.,* 243 F.3d 722 (3d Cir. 2001) (collecting cases).

In sum, the Court concludes that there is a clear consensus among the federal and state courts, consistent with Supreme Court precedent, that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery. This consensus derives from the recognition that the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases.

### B. The percentage requested by class counsel is fully supported by the work performed, risks taken, and results obtained.

Both state and federal courts in West Virginia recognize the presumptive reasonableness of an attorneys' fee equal to one-third of a recovery. As explained in *Eriksen Const. Co., Inc. v. Morey,* 923 F.Supp. 878, 881 (S.D. W. Va. 1996):

> The Court notes a one-third contingency fee is presumptively reasonable in West Virginia. *See Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W.Va. 323, 352 S.E.2d 73, 80 (1986). Nevertheless, a forty percent (40%) contingency fee is a common fee contract proviso for cases that proceed to trial.

*Id.; see also F.S. & P. Coal Co. v. Inter-Mountain Coals, Inc.*, 179 W. Va. 190, 366 S.E.2d 638 (1988) (a one-third attorneys fee is the "going rate" in contingency fee cases). This authority supports the requested award in this case.

Some courts also consider certain factors in analyzing the reasonableness of fees determined by the percentage of recovery method. These factors can include:

> (1) the size of the fund created and the number of persons benefited;
> (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel;
> (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment;
> (6) the amount of time devoted to the case by plaintiffs' counsel; and
> (7) the awards in similar cases.

*Cendant*, 243 F.3d at 733 (quoting *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1) (citations omitted). The *Gunter* Court instructed that there is no specific formula for analyzing these factors. "Each case is different, and in certain cases, one factor may outweigh the rest." *Gunter*, 223 F.3d at 195 n.1.

All of these considerations warrant an award of the requested fees and costs in this case. The fund established for Class Members is sufficient to pay Class Member damages, and the

Class Members overwhelmingly support the settlement.  Additionally, class counsel are skilled and experienced in class action litigation, and have served as class counsel in several cases.

The case involved complex technical legal and factual issues regarding Defendant's 20 year administration of a pension benefit and application of ERISA and labor law.  Considering the possibility of appeals, resolution of the litigation could have taken years, and counsel bore a substantial risk of nonpayment.  Nonetheless, counsel accepted representation of the Plaintiffs and the class on a contingent fee basis, fronting the costs of litigation. The amount of time devoted to the case also supports the requested award.  Specifically, counsel declared that they invested 800 hours in this litigation for a total lodestar of $182,696.25.  They also advanced more than $16,000 for case related expenses. Finally, the one-third fee requested by counsel is very much in line with fee awards in similar common-fund cases.  *Helmick*, 2010 WL 2671506 at *7 (Goodwin, C.J.) (awarding one-third fee from $450,000 common fund); *Muhammad*, 2008 U.S. Dist. LEXIS 103534, at *23; *see, e.g.*, *Hackworth v. Telespectrum Worldwide, Inc.*, No. 3:04-cv-1271 (S.D. W. Va. 2004) (Chambers, J.) (awarding fees of one-third amount of settlement, plus costs, in WARN Act class action settlement); *Hardwick, et. al. v. Rent-A-Center*, No. 3:06-cv-00901 (S.D. W. Va. 2006) (Chambers, J.) (awarding fees of one-third amount of settlement, plus costs).

Accordingly, consideration of all of these factors supports the requested award of one-third the amount of the common fund established for the Class, plus litigation costs of $15,949.40

### IV. The Proposed Service Award is Justified and Appropriate

Incentive or service awards reward representative plaintiffs' work in support of the class, as well as their promotion of the public interest.  *Jones,* 601 F. Supp.2d at 767; *Muhammad*, 2008 U.S. Dist. LEXIS 103534, at *24.  Courts around the country have allowed such awards to

named plaintiffs or class representatives.  *See, e.g.*, *Helmick*, 2010 WL 2671506 at *3 ($50,000 service award from $450,000 settlement); *In re Domestic Air Transp. Antitrust Litig*., 148 F.R.D. 297, 357-58 (N.D. Ga. 1993) (awarding $142,500 to class representatives out of $50 million fund); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 373-74 (S.D. Ohio 1990) (awarding $215,000 to several class representatives out of an $18 million fund).  One district court has gone so far as to say that incentive awards are "routinely approve[d]." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000).  The purpose of such awards is to encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk undertaken.  *Muhammad*, 2008 U.S. Dist. LEXIS 103534, at *25; *Varcallo v. Mass. Mut. Life Ins. Co*., 226 F.R.D. 207, 257 (D.N.J. 2005).

Had the lead plaintiffs not stepped forward to prosecute these claims, the rest of the class would have received nothing. The lead Plaintiffs were interested and actively engaged in the direction of this litigation. They made themselves available to counsel whenever they were needed.  In fact counsel reported that the lead Plaintiffs' involvement exceeded that which one typically sees with class representatives.  Accordingly, the proposed service award of $7,500 per lead Plaintiff is justified and appropriate.

### V.  Conclusion

In accordance with the foregoing analysis, the court ORDERS as follows:

1. That under Rule 23(e) of the Federal Rules of Civil Procedure, the proposed Joint Stipulation and Settlement Agreement (Docket # 71-1) is approved;

2. That class representatives Harry F. Deem, Carl McKinnis, and Larry Patterson each receive service awards of $7,500.00  in recognition of their service to the class;

3. That class counsel shall receive a fee of $135,000, plus expenses of $15,949.40;

11

4.  That class administration expenses be approved in the amount of $5,000;

5.  That the Class claims of Class Members who did not request to be excluded in this action be dismissed with prejudice; and

6.  That this Court shall retain jurisdiction over this action for the purpose of interpretation and enforcement of the Joint Stipulation and Settlement Agreement, including oversight of settlement administration and distribution of settlement funds.

Under Rule 54(b), there being no just reason for delay, the Court directs entry of a final judgment as to the matters determined by this Opinion and Order.

The Clerk is requested to forward a copy of this written Order to all counsel of record.

ENTERED: May 22, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE